JOHN E. LODGE & others *vs.* DANIEL L. SPOONER.

In an action brought here on a contract (not a bill of exchange) to pay money in a foreign country, the plaintiff cannot recover the rate of exchange, although there are no tribunals in that country in which he could sue.

ACTION OF CONTRACT to recover for the passage of the defendant, his family and servants, from Boston to Canton.

The declaration alleged that the defendant agreed to pay the plaintiffs, for such passage, the sum of $1,800; that this sum was payable in Canton; was demanded there, and not paid; and that the defendant owed the plaintiff that sum, with interest and China exchange, making $2,400.

The defendant admitted the agreement to pay $1,800, but not in China; and offered to be defaulted for that sum.

The trial was before the chief justice, who reserved for the full court this case:

It was admitted that the defendant, his family and servants, went out to China in the plaintiffs' ship; and the plaintiffs introduced evidence tending to show that they made an oral agreement with the defendant for the passage for the sum of $1,800, the passage money to be paid by the defendant in China; and that it was there demanded.

It was conceded that there are no regular tribunals in China, in which one foreigner can recover a debt against another.

The plaintiffs offered evidence of the rate of exchange between China and the United States at the time of the agreement. But the judge was of opinion " that, supposing it a contract made here for services, for a given sum, payable in China, and a failure to do so; in a suit brought here, the amount to be recovered is the stipulated sum and interest, computed according to law and usage here, without the addition of China exchange; and therefore that the evidence was immaterial and inadmissible."

The plaintiffs then offered evidence to show that they had given orders to invest the money in China, when paid by the defendant. But it was held inadmissible.

The plaintiffs further offered evidence to prove that the silver dollar in China is of greater value than the American dollar of account. But the judge ruled, "that, there being no evidence that the agreement in question was for the payment of silver dollars, or any other species of coin, but generally for a given number of dollars, this must, in law, be taken to mean dollars of account of the United States, as regulated and fixed by law."

*S. Bartlett & S. Bartlett, Jr.* for the plaintiffs. This case raises the general question whether an agreement, made here, to furnish funds at a distant port, in the prosecution of a commercial adventure, is to be vindicated, in case of breach, by requiring payment merely of the sum agreed to be furnished and interest, or of the exchange necessary to have raised the sum at the time and place at which it was agreed to be paid; and upon this point there can be no reasonable doubt. *Greene* v. *Goddard*, 9 Met. 212. It cannot fairly be urged that, upon the facts shown, the defendant did not know that the fund which he agreed to furnish in Canton was to be used there; since that results from the well known course of trade, and is to be inferred precisely as in the case of a bill of exchange; or, at all events, it is a question to be submitted to the jury.

Had the agreement been to furnish one hundred bales of cotton at Canton, the rule of damages would have been clear, namely, what would it have cost the plaintiff to purchase the cotton at the time and place when and where it was to have been furnished him. That this same rule applies, where money instead of merchandise is to be furnished, is demonstrated by reference to the usual class of contracts for thus furnishing money at a distant port, namely, bills of exchange.

A bill of exchange is a simple agreement between the drawer and the payee that a third party who is presumed by law to have the funds of the drawer, and so is his mere agent, shall pay to the payee the prescribed sum at the prescribed place and time. In the case of bills of exchange, anterior to and independent of all customs or statutes, the law merchant vindicates a breach of the contract by damages; and custom or the statutes does nothing more than fix the rate of those damages by

rules supposed to afford an indemnity, or an approximation thereto.

The present contract differs from a bill of exchange only in this, that the defendant agreed to pay the given sum at a distant port himself, instead of giving a written direction, called a bill of exchange, to a third party, his agent, to pay it; and the rights of the parties cannot be affected by this difference.

Even if, applying the principles which would govern bills of exchange, the defendant stands in the attitude of an acceptor of such a bill, it is well settled that if he had previously agreed to accept, he is liable for the exchange. *Bowen* v. *Stoddard*, 10 Met. 375. Indeed, Pothier holds the acceptor liable for damages under all circumstances; *Russell* v. *Wiggin*, 2 Story R. 242; and the case of *Napier* v. *Shneider*, 12 East, 420, is considered by Mr. Smith as doubtful law. Smith's Merc. Law, (5th ed.) 267. Here the agreement to accept or pay was anterior to the period when the debt became due and payable. In fact, the defendant occupies the position of both drawer and drawee, and the plaintiff that of payee, and the claim in this case does not treat the defendant as an acceptor of a bill, but proceeds upon the special agreement made here to pay money in Canton; and in an action upon such an agreement, even when the defendant has accepted bills but not paid them, the exchange is recoverable by the party with whom he made the contract. *Russell* v. *Wiggin*, 2 Story R. 242.

It is perhaps a sufficient distinction between this case and *Adams* v. *Cordis*, 8 Pick. 260, and *Martin* v. *Franklin*, 4 Johns. 125, there relied on, that those were claims for balances of account, which the court distinguished from the case of bills of exchange, by saying that the nonpayment of such balances is not attended " with the disappointment at not finding funds in the country and in the hands to which the party has been directed for them." 8 Pick. 266.

*Adams* v. *Cordis* seems also to rest in part upon the election of the forum by the plaintiff. 8 Pick. 265, 267. This plaintiff had no such election; for the case finds that no tribunals exist in China, to which he could resort.

The suggestion in 8 Pick. 265, that up to that period, no authority was to be found in the books for applying the principles which regulate damages in cases of bills of exchange, to any other class of contracts, is answered by the subsequent adjudications, both here and in England, applying the same principles as to damages, where money due or contracted to be paid in one country is sought to be recovered in another, as are applied to bills of exchange. Indeed, the principle is carried farther, and regulates the amount to be recovered, even on a foreign judgment, by the actual rate of exchange at the date of such judgment, between the country where such judgment was recovered and the forum where it is sought to be enforced. *Scott* v. *Bevan*, 2 B. & Ad. 78. *Delegal* v. *Naylor*, 7 Bing. 460. *Cooper* v. *Waldegrave*, 2 Beav. 282. *Grant* v. *Healy*, 3 Sumner, 523.

The proposition stated in 4 Johns. 125, and approved in 8 Pick. 267, that the courts are not to inquire into the disposition of the debt, after it shall have been recovered in our tribunals, must be limited to balances of account; and is no reason for holding that upon a claim for damages for breach of a contract to deliver property or pay money at a distant port, the plaintiff shall recover nothing but interest.

*Alcock* v. *Hopkins*, 6 Cush. 484, contains no discussion of principles, but professedly follows *Adams* v. *Cordis*. And the plaintiffs respectfully submit that if this case falls within those, they are unsatisfactory and fit to be revised. See also 3 Kent Com. (6th ed.) 117 *note; Cash* v. *Kennion*, 11 Ves. 314 ; *Lee* v. *Wilcocks*, 5 S. & R. 48.

*C. A. Welch*, for the defendant. No agreement to furnish funds at a distant port in the prosecution of a commercial adventure is alleged, nor was any proof of such offered. The agreement alleged, and attempted to be proved, was simply an agreement made here to pay money in China for certain services to be rendered.

In a suit brought here, on an agreement to pay, for services rendered, $1,800 in China, it is well settled that nothing more can be recovered than the stipulated sum and interest, without

the addition of the rate of exchange. *Adams* v. *Cordis*, 8 Pick. 260. *Alcock* v. *Hopkins*, 6 Cush. 484. *Martin* v. *Franklin*, 4 Johns. 125. *Scofield* v. *Day*, 20 Johns. 102.

The only direct decision in favor of the plaintiff is *Smith* v. *Shaw*, 2 Wash. C. C. 167 ; which is called in 8 Pick. 266, " a case of very little authority." All the other cases cited by the plaintiff (except the case in 2 Beav. 282, where no exchange was demanded or given) were reported before the case in 6 Cush. 284, and were cited by the counsel in that case ; and none of them turned upon this point.

The rule of damages, upon the breach of a contract for the payment of the money, differs from the rule of damages for the breach of any other agreement; and is limited to the legal interest. Sedgwick on Damages, (3d ed.) 112, 234. 2 Parsons on Con. 489. *Fletcher* v. *Tayleur*, 17 C. B. 29.

The case of a foreign bill of exchange is an exception, introduced by mercantile custom, and founded upon the fact, that the drawer's contract is an agreement, not to pay money himself, but that the drawee shall accept and pay the bill; that he will indemnify the holder if the drawee does not accept and pay it ; and therefore he is bound to pay the rate of exchange, as well as interest. *Milford* v. *Mayor*, 1 Doug. 54. *Adams* v. *Cordis*, 8 Pick. 266. So of an indorser ; for he is considered a new drawer. *Ballingalls* v. *Gloster*, 3 East, 481. But the acceptor is never liable to the holder for reëxchange, in a suit on the bill ; because by his acceptance he only agrees with the holder to pay him the sum of money stated in the bill. *Napier* v. *Shneider*, 12 East, 420. *Woolsey* v. *Crawford*, 2 Campb. 445. *Bowen* v. *Stoddard*, 10 Met. 378, 379. *Adams* v. *Cordis*, 8 Pick. 266. *Russell* v. *Wiggin*, 2 Story R. 213, 241. 3 Kent Com. (6th ed.) 116. Byles on Bills, 313. The liability of the drawee to the drawer for reëxchange, when he has agreed with the latter to accept his bill and pay the holder, is founded on that agreement, and not on his liability as acceptor. 2 Story R. 241. 10 Met. 379. *Riggs* v. *Lindsay*, 7 Cranch, 500. The legislature, in fixing the rate of exchange for which drawers and indorsers and acceptors should be charged, have omitted

parties to all simple contracts. *St.* 1825, *c.* 177. Rev. Sts. *c.* 33, § 2.

The rule of damages in our courts cannot be affected by the want of legal tribunals in China, in which one foreigner can sue another; nor by the plaintiff's having given orders to invest the money in China — which is not proved to have been known to the defendant, and, if known, could not be considered as matter of damage.

The decision was made in June 1857.

Thomas, J.* This is an action for the breach of a contract to pay money. The plaintiff would recover the money, and damages for its detention. The remedy is sought in our courts. The rule of damages is the rule of the forum where the remedy is sought. In this commonwealth, the rule is too well settled to be disturbed. It is the legal rate of interest. The cases of *Adams* v. *Cordis*, 8 Pick. 260, and *Alcock* v. *Hopkins*, 6 Cush. 484, are conclusive upon our judgment. In principle, the case at bar cannot be distinguished.

The cases of bills of exchange stand upon their own ground; the exception from the general rule being nearly as old as the rule itself.

The rule of damages for the detention of money, as settled, is plain, of easy application, uniform and stable. As nearly as any general and fixed rule can, it works justice. If therefore, from general principles of law, and with the aid of the very able discussion of them in the arguments of counsel, the court were seeking to establish the rule for the first time in this commonwealth, it would probably have reached the same result as by adhering to the cases decided.

*Judgment for the plaintiffs for $1,800, with interest.*

* Bigelow, J. did not sit in this case.